# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

|  |  |
|---|---|
| v. | MAGISTRATE JUDGE'S DOCKET NO. 2004-M-0441-RBC-01 -02 |

VICTOR DELGADO, ETC.,
JOAN REYES-SANTANA, ETC.,
    Defendants.

## *MEMORANDUM AND ORDER OF DETENTION PURSUANT TO 18 U.S.C. § 3142(e)*

COLLINGS, U.S.M.J.

The defendants appeared on January 23, 2004 with separate counsel for a detention hearing. The defendants are charged with possessing with intent to distribute heroin and conspiracy to do so in violation of 21 U.S.C. § § 841(a)(1) and 846. The alleged violations of 21 U.S.C. §§ 841(a)(1) and 846 are offenses described in 18 U.S.C. § 3142(f)(1)(C).

The purpose of a detention hearing is as stated in the statute - i.e., "...to

determine whether any condition or combination of conditions...(of release) will reasonably assure the appearance of the person as required and the safety of any other person and the community...".  It is important to note that the statute, 18 U.S.C. § 3142(e), contains a presumption which is applicable to the case at bar.  The statute provides, in pertinent part:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required *and* the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), section 1 of the Act of September 15, 1980 (21 U.S.C. 955a), or an offense under section 924(c) of Title 18 of the United States Code.

Emphasis supplied.

The defendants are charged in the Complaint with violations of the Controlled Substances Act (21 U.S.C. § 801 *et seq.*) which carry a maximum sentence of ten years or more imprisonment.  Thus, it is presumed in the instant case that no condition or combination of conditions of release will reasonably assure the appearance of the defendants as required and the safety of the community if I find that there is probable cause to believe that the

defendants committed the offenses charged.  Although this presumption does not shift the burden of persuasion to the defendants, it does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress's judgment that defendants who have probably committed serious drug felonies are dangerous and pose particularly great risks of flight.  *United States v. Jessup*, 757 2d 378 (l Cir., l985); *United States v. Palmer-Contreras*, 835 F.2d 15, 17-18 (1 Cir., 1987).

The first issue then is whether there is probable cause to believe that the defendants committed the offenses with which they are charged.  After hearing this date, I so found.

The second issue is whether the defendants have met his burden of production.  I find that they have not.  Therefore, the defendants, having failed to meet their burden of production, shall be detained on the basis of the presumption of flight and dangerousness of persons charged with serious narcotics offenses  found in 18 .S.C. § 3142(e).

Pursuant to  18 U.S.C. § 3142(e), it is ORDERED that the defendants be, and they hereby are, DETAINED pending trial of the charges contained in the above-styled Complaint.  Pursuant to 18 U.S.C. § 3142(e), the written findings

of fact and a written statement of reasons for the detention are contained

*supra.* Further pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

(1)  The defendants be, and they hereby are, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2)  The defendants be afforded reasonable opportunity for private consultation with their counsel; and

(3)  On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendants to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by either defendant

filing a motion for revocation or amendment of the within Order pursuant to

18 U.S.C. Sec. 3145(b).  This Order is without prejudice to either or both

defendants seeking a hearing when they are prepared to offer evidence to

meet their burden of production.

*/s/ Robert B. Collings*

____ROBERT B. COLLINGS
United States Magistrate Judge
Date:  January 23, 2004.