UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA    )
          Plaintiff         )
                            )  Cr.# 04-10032-GAO
     v.                     )
                            )
VICTOR DELGADO              )
          Defendant         )
_____    )
```

**SENTENCING MEMORANDUM OF DEFENDANT PURSUANT
TO F.R.Cr.P. RULE 32(c)(1)(A)(ii) and 18 U.S.C. § 3553(a) AND
THE EFFECT OF BLAKELY v. WASHINGTON ON SENTENCING**

   As a profession, and as a people, we should know what happens after a prisoner is taken away. To be sure the prisoner has violated the social contract; to be sure he must be punished to vindicate the law, to acknowledge the suffering of the victim, and to deter future crimes. Still, the prisoner is a person; still, he or she is still a family of humankind.

               Associate Justice Anthony Kennedy
               Supreme Court of the United States
               August 9, 2003

   This memorandum is being submitted to assist this Honorable Court in its determination of the most appropriate sentence for MR. VICTOR DELGADO by addressing the available sentencing options under the provisions of 18 U-S.C. § 3553 and the United States Sentencing Guidelines.  In view of the United States Supreme Court s decision in<u>Blakely v. Washington</u>, ___U.S.____, 2004 Westlaw 1402697 (June 24, 2004) this memorandum will first address the effect of said decision on this sentencing.

   MR. VICTOR DELGADO plead guilty to one count of conspiracy to distribute heroin, 13 counts of possession of heroin with

1

intent to distribute and one count of felon in possession of a firearm.  In the instant case there is no plea agreement and during the plea colloquy Mr. Delgado admitted that the conspiracy involved more than 100 grams of heroin. Furthermore, at the time of the plea the defendant had two prior **Massachusetts misdemeanor** assault and battery charges which are the predicate for Probation S determination of career offender and the present felon in possession charge.

Mr. Delgado filed motions to set aside/dismiss or vacate the two prior charges of assault and battery from the Lawrence District Court.  Said motions were denied on October 21, 2004 by Judge Jarisitis.  Therefore, under the sentencing guidelines Mr. Delgado stands to be convicted as a career offender facing a minimum of 188 months and a maximum of 235 months.

However, if the United States Sentencing Guidelines are now unconstitutional under *Blakely*, this Court would be free to impose any sentence within its discretion.[1]  Although, at the time of the plea (post *Blakely*) this Honorable Court stated that the guidelines were in full force and effect, it is the defendant s position that the Guidelines are unconstitutional, and the Court is therefore not <u>bound</u> to impose the Guideline sentence, but merely utilize them as advisory. <u>See</u> <u>United States v. Mueffleman</u>, 327 F.Supp. 2d 79 (1st Cir. 2004), <u>United States v. Montgomery</u>, No. 20247, slip op. at 2 (6th Cir. July 14, 2004).  The Defendant therefore, respectfully objects

---

[1] In fact this is one argument that the Department of Justice has made post Blakely.  <u>See</u> DOJ memorandum dated July 2, 2004 from Deputy Attorney General James Comely to all federal prosecutors.

to the mandatory application of a sentence pursuant to the U.S.S.G, particularly its career offender provisions.

We all eagerly await the decision of the U.S. Supreme Court in <u>United States v. Booker</u> and <u>United States v. Fanfan</u>.

**MR. DELGADO S FACTUAL BACKGROUND**

On November 26, 2004, Victor Delgado will be 29 years old. He is a United States citizen, son of an alcoholic, who availed himself of alcohol at an early age.  By the age of 20, he was using marihuana and snorting heroin.  Victor Delgado did not complete a high school education nor his dreams of becoming a professional boxer.  Victor Delgado s alcohol and drug addiction were a problem to the day of his arrest.

**SENTENCING RECOMMENDATION**

Under 18 U.S.C. § 3553 the Court must consider various factors prior to the imposition of sentence. 18 U.S.C. § 3553(a)(1) directs the Court to consider at sentencing, in addition to the offense,  the history and characteristics of the defendant.  18 U.S.C. § 3553(a)(2)(D) also directs the Court in imposing the appropriate sentence to consider providing  the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Although the Guidelines may now be advisory only, in <u>United States v. Koon</u>, 518 U.S. 81, 116 S.Ct. 2035 (1996) the United States Supreme Court emphasized that:

3

> The goal of the Sentencing Guidelines is, of course, to **reduce unjustified disparities** and to reach towards the evenhandedness and neutrality that are the distinguishing marks of any principled system of justice. In this respect, the Guidelines provide uniformity, predictability, and a degree of detachment lacking in our earlier system. **This too must be remembered, however. It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.** *Emphasis added.*

One factor delineated in 18 U.S.C. § 3553(a)(2)(A) specifically requires the court to choose a sentence that provides  just punishment for the offense  and another factor delineated in section 3553(a)(2)(D) requires the court to consider imposing a sentence that provides  the defendant with needed educational or vocational training, medical care, or correctional treatment in the most effective manner.   These factors are the types of criteria that have given rise to many of the judicially imposed *departures* during the advent of the guidelines.

Mr. Delgado respectfully submits the following *advisory* guideline provisions:

**Base Offense Level, U.S.S.G. § 2D1.1(c)(6)**

    U.S.S.G. §2D1.1(3)                                                    **26**

**Acceptance of Responsibility U.S.S.G. § 3E1.1(b)             -3**

**Total Offense Level                                          23**

Criminal History Category                                      II

Imprisonment range prior to any departure or other mitigating circumstances.                                            **51-63 months**

4

Mr. Delgado objects to the increase in offense level under U.S.S.G §3D1.4 as double counting, an enhancement for the felon in possession charge based on Massachusetts misdemeanor predicates and to the career offender status as promulgated by the guidelines.  The felon in possession would be 9 levels less than the drug offense and thus would not increase the sentence under U.S.S.G § 3D1.4(c).

**BASIS FOR DEPARTURE   FACTORS IN MITIGATION**

Even with the U.S. Sentencing Guidelines being advisory rather than mandatory, the Guidelines, and its promulgating statute, permit a court to depart from the applicable guideline range when it finds  an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines... 18 U.S.C. § 3553(b). .  U.S.S.G. Part A 4(b), *supra.*  This Court has broad discretion in determining when a departure, or the extent of a mitigating circumstance,  is appropriate.

Mr. Delgado has two prior convictions for Massachusetts misdemeanor assault and battery which serve to enhance his penalties under a guideline sentence.  Both of these charges are set forth in paragraphs 78 and 79 of the pre-sentence report.

Assault and battery in Massachusetts does not require a harmful touching. See M.G.L. c. 277 § 79. All of Massachusetts complaints concerning said offenses contain the **boilerplate**

5

language of "did assault and beat," see United States v. Harris, 964 F.2d 1234, 1237 (1st Cir. 1992) however, **no harmful touching is required for conviction**. In United States v. Jones, 235 F.3d 342 (7th Cir. 2000).   The Seventh Circuit addressed this specific issue and held that the Massachusetts prior conviction for A & B could not be used as a career offender predicate.  As that court pointed out that, pursuant to the mandates of the categorical approach announced by the Supreme Court in Taylor v. United States, 495 U.S. 575, 602 (1990)  no inference regarding whether [defendant] committed a crime of violence can be drawn from the charging document's use of the phrase "did assault and beat."

   Massachusetts is unique in that virtually all of Massachusetts misdemeanors are federal felonies in that they carry a sentence of up to two and a half years in the house of correction.  Counsel has not found another jurisdiction where simple A&B (rather than aggravated, sexual or deadly weapon assaults) is considered a felony.  It would thus appear that the application of A&B as a career offender predicate would cause unwarranted disparity rather than prevent it.  For example, someone in each of the other First Circuit jurisdictions, New Hampshire, Maine or Rhode Island, see attached statutes, would not be found to be a career offender based on a record similar to Mr. Delgado's. Such unwarranted disparity as applied would appear to violate the constitutional mandates of due process and equal protection.  The end result

6

is that someone with the same criminal history as Mr. Delgado who is convicted of the same charges as Mr. Delgado, who happens to reside in New Hampshire could receive a guideline sentence of 51 to 63 months, rather than the 188 to 235 months that Probation finds applicable here, **a difference of 11.4 years**.  In other words, it not only is hypocritical to assert that sentencing disparity is being eliminated by the purported equitable guideline application, said application is not uniform at all.  Perhaps another reason why the guidelines should only be advisory.

Defendant is mindful of the First Circuit s opinion in United States v. Mangos, 134 F.3d 460 (1st Cir 1998), in which the court tersely made a finding based on the language of the charging document alone, however, that opinion is not only factually inapposite (it concerned an 18 U.S.C. § 924(h) predicate) but also it is superceded by Sheppard and Jones. Interestingly enough, the Sheppard court cited Harris but not Mangos in support of its holding that the trial court, when defendant denies the factual basis asserted for predicate, should make a finding as whether there exists  sufficiently reliable evidence of the government and defendant s shared belief that the defendant was pleading guilty to  a crime of violence.  While Mr. Delgado submits that under Taylor, and Jones, there can be no such finding because the charging document for assault and battery in Massachusetts does not provide guidance, he further submits that there is no reliable

7

evidence that the offenses to which he plead involved a violent felony. One of the A&B s was a shove to an officer while he was intoxicated and the other A&B occurred when he pushed a woman and she fell to the ground. Under any circumstance such Massachusetts misdemeanor would not be a violent felony in any jurisdiction (only based on guideline definitions). The disparate treatment of Mr. Delgado compared with others similarly situated would thus violate the Equal Protection Clause and due process.

## CONCLUSION

**WHEREFORE**, defendant Victor Delgado, respectfully requests this Honorable Court to sentence him to 63 months incarceration and three years of supervised release.

Date: October 28, 2004          Respectfully submitted,


/s/ *Victoria M. Bonilla*

Victoria M. Bonilla-Argudo
Bourbeau & Bonilla
77 Central Street, 2d floor
Boston, MA 02109
(617) 722-6868

Attorney for Defendant