**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | )   **Cr. No. 04-10032 GAO** |
| v. | ) |
| | ) |
| **VICTOR DELGADO,** | ) |
| **Defendant.** | ) |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

On August 5, 2004, the defendant, Victor Delgado (the "defendant" or "Delgado") was convicted after a jury trial of conspiracy to distribute more than 100 grams of heroin, thirteen substantive counts of distributing heroin, and one count of being a felon in possession of a firearm.  The Presentence Report prepared by the U.S. Probation Office, dated November 1, 2004 (the "PSR"), concluded that the defendant is a career offender, pursuant to U.S.S.G. § 4B1.1, and that his Total Offense Level (with three levels off for acceptance of responsibility) is therefore 31 and that his Criminal History Category is VI. Accordingly, the PSR concluded that the defendant's Guideline Sentencing Range is 188-235 months.  The government recommends a sentence  within the guideline range.

This memorandum is submitted to assist the Court in sentencing the defendant and to respond to the defendant's Sentencing Memorandum.

A.    __THE BLAKELY ISSUE__

As noted in the defendant's Sentencing Memorandum, at the August 5, 2004 change of plea hearing the Court advised all parties that, in the Court's view, the sentencing guidelines remain in full force.  Moreover, since the defendant admitted to the drug weight in this case (over 100 grams of heroin), the only potential __Blakely__ issue concerns his status as a career offender based on his prior convictions.  The First Circuit has recently stated that "the __Blakely__ decision does not encompass sentencing enhancements based upon 'the fact of prior conviction,' which is not the type of circumstance which the Sixth Amendment mandates be determined by a jury, rather than the sentencing court." __United States v. Stearns__, 03-2340 (1st Cir. Nov. 1, 2004).[1]

The First Circuit's statement in __Stearns__ is consistent with that of the numerous courts that have addressed the issue, most of which rely in some measure on the fact that __Blakely__ did not overrule the Supreme Court's decision in __Almendarez-Torres v. United States__, 523 U.S. 224, 229-48 (1998).[2]  __See, e.g.__, __United__

_____

[1]  __Stearns__ involved a plain error review of a defendant's failure to raise at sentencing a Sixth Amendment challenge to the sentencing court's conclusion that he was an Armed Career Criminal under the guidelines.  The Court ruled that the claims was forfeited and did not constitute plain error.  In light of the procedural posture, the above quoted statement might be considered dicta.

[2]  In __Almendarez-Torres__, the Court squarely held that facts concerning a defendant's prior convictions need not be presented to the jury even though such facts may enhance a defendant's

States v. Moorer, 2004 WL 2086055, *4 (2004) (reasoning that
Blakely applied only to factual determinations and that the
defendant's status as a career offender was "purely a matter of
law under the Sentencing Guidelines"); United States v.
Marseille, 377 F.3d 1249, 1256 n. 14 (11th Cir.2004) ("We have
reviewed Blakely and conclude that it is inapposite . . . .
[T]hough the district court found that Marseille had prior
convictions, Blakely does not take such fact-finding out of the
hands of the courts."); United States v. Quintana-Quintana, 2004
WL 2047358, *1 (9th Cir. 2004)(holding that Blakely does not
change the prior conviction exception carved out in Apprendi);
United States v. Sanders, 377 F.3d 845, 847 n. 3 (8th Cir.2004)
("While the Court [in Blakely] declared unconstitutional any
increase in penalty beyond the prescribed statutory maximum based
on facts not submitted to a jury and proved beyond a reasonable
doubt, the Court expressly exempted 'the fact of prior
conviction.'"); United States v. Cooper, 375 F.3d 1041, 1052 n. 3
(10th Cir.2004) (describing Blakely as "reaffirming" Apprendi's
exception for the fact of a prior conviction); United States v.
Rodriquez, 2004 WL 2034850, *1 (N.D. Ill. 2004) ("[T]he factor

---

sentence. The Court stated: "the sentencing factor at issue
here -- recidivism -- is a traditional, if not the most
traditional, basis for a sentencing court's increasing an
offender's sentence." Id. at 243. Blakely does not overrule the
Court's decision in Almendarez-Torres. Consequently, Blakely
does not prevent the courts from considering the fact of a prior
conviction during sentencing.

4

that set the Sentencing Guideline §4B1.1(A)'s career offender provision -- and in that regard <u>Blakely</u> (like the <u>Apprendi</u> case that preceded it) expressly teaches that a defendant's prior criminal history (the fact that triggered career offender status for [the defendant]) does not have to be submitted to a jury for determination."); <u>United States v. Byrd</u>, 2004 WL 1618832, *2 (W.D. Tex. 2004) (<u>Blakely</u> decision did not preclude the court from finding that defendant was a career offender for sentencing purposes).

For the foregoing reasons, the defendant's <u>Blakely</u> argument is foreclosed by <u>Almendarez-Torres</u> and circuit precedent and should be denied.

B.    **THE PSR PROPERLY CONCLUDED THAT THE DEFENDANT IS A CAREER OFFENDER**

The defendant argues that he should not be considered a career offender because the predicates are two "misdemeanor" assault & battery convictions and there is "no reliable evidence that the offenses to which he pled involved a violent felony." Deft's Sentencing Memo. at 2, 7-8. Neither of these assertions are accurate.

As described in the PSR, the defendant's career offender predicates are (i) a prior conviction for assault & battery on a police officer and (ii) a prior conviction for assault & battery (which also included convictions for threatening to commit murder

and a second conviction for assault & battery).  PSR ¶¶ 78-79.[3]

The First Circuit has squarely held that, because of the "high risk of physical injury and violence," "'assault and battery upon a police officer, in violation of Mass. Gen. L. ch. 265, § 13D, is categorically a crime of violence within the meaning of the career offender provisions'" of § 4B1.1.  United States v. Santos, 363 F.3d 19, 23 (1ˢᵗ Cir.2004) (quoting United States v. Fernandez, 121 F.3d 777 (1st Cir.1997)).  Consequently, the sentencing court is not required to look further than the statute itself.  Id.[4]

With respect to the crime of assault and battery, the Santos court specifically rejected the Seventh Circuit's conclusion in

---

[3] Both of Delgado's convictions are felonies under Massachusetts state law .  See M.G.L. c. 265 § 13A (whoever commits and assault and battery upon another shall be punished by imprisonment for not more than 2½ years in a house of correction); M.G.L. § 265 § 13D (penalty for assault and battery on a public employee imprisonment for not less than 90 days and not more than 2½ years in a house of correction).

[4] IN any event, the PSR clearly shows that the defendant committed a violent and dangerous assault and battery on a police officer.  The PSR provides the following information with respect to the A&B PO.  According to the Lawrence Police Department report, dated 4/4/98, the defendant was seen by a police officer drinking a beer in public.  When the officer approached the defendant, the defendant "shoved the officer in the chest and walked away into the parking lot."  PSR ¶ 78.  When the officer caught up to the defendant and told him that he was under arrest, "[t]he defendant struggled to get away from the officer and told people around him to help him get away."  Id.  A crowd of people gathered but did not attempt to help the defendant.  Id.

6

United States v. Jones, 235 F.3d 342 (7th Cir.2000) (relied on by

Delgado; Deft's Sentencing Memo. at 6) that "where the charging

documents use 'boilerplate' language to allege an assault and

battery under Massachusetts law, a sentencing court may not use

that prior conviction to enhance a sentence." Santos, 363 F.3d

at 23-24.   Instead, the Santos court concluded that the

sentencing court may rely on "the charging documents and other

uncontested allegations" to determine whether the defendant

committed a violent assault and battery or "a nonharmful type of

assault and battery." Id. at 24.

    The PSR provides the following information with respect to

Delgado's assault and battery conviction.

> According to the Lawrence Police Department report, on
> 10/12/99, police received a report from the manager of
> the Valley Lodging South relating that earlier in the
> day she had asked the defendant for identification so
> that she could complete his rental application.  He
> became very upset and called her a "nigger" and a
> "bitch", stating that he was going to kill her.  He
> charged at her but in the process threw another female
> bystander to the ground where she struck her head
> against a wall.

PSR ¶ 79.

    As noted, Delgado pled guilty to two counts of assault and

battery and one count of threat to commit murder.  The police

report plainly shows that, as in Santos, "the statutory

definition and charging documents established that the crime

contemplated by both [Delgado] and the government in his guilty

plea was not a mere 'nonconsensual touching,' but a 'physically

7

harmful' or 'potentially physically harmful' one that qualifies as a crime of violence under § 4B1.2." Santos, 363 F.3d at 24 (also noting that "the Seventh Circuit's animating concern was absent both here and in Mangos, where we discerned 'nothing in the record or the charging document' that suggested the defendant committed a nonharmful type of assault and battery").

Santos is consistent with the guidelines, which define "crime of violence" in the career offender provision as any offense punishable by imprisonment for more than one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1). The police report states that the defendant threatened to kill the manager and then charged at her and in the process "threw another female bystander to the ground where she struck her head against a wall." PSR ¶ 78. This is plainly the type of violent assault contemplated by the career offender provision.

For the foregoing reasons, the PSR properly found that the defendant is a career offender under U.S.S.G. § 4B1.1.

## CONCLUSION

The government requests that the Court sentence the defendant to a term of imprisonment within the guideline range of 188 to 235 months.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,


By:  /S/ PETER K. LEVITT
     PETER K. LEVITT
     Assistant U.S. Attorney
     One Courthouse Way
     Boston, MA 02210
     (617)748-3355

November 7, 2004

9

## CERTIFICATE OF SERVICE

I, Peter K. Levitt, do hereby certify that a copy of the foregoing was served on Victoria M. Bonilla, counsel for Victor Delgado, by facsimile on November 7, 2004.


/S/ PETER K. LEVITT
Peter K. Levitt