```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,              ) Cr. No. 04-10032-GAO
                                       )
                Plaintiff,             )
                                       )
        v.                             )
                                       )
VICTOR DELGADO                         )
                Defendant.             )
_____)
```

**RE-SENTENCING MEMORANDUM OF DEFENDANT PURSUANT
TO F.R.Cr.P. RULE 32(a)(C) and 18 U.S.C. § 3553(a)**

This memorandum is being submitted to assist this Honorable Court in re-sentencing Mr. DELGADO following post *Booker*[1] remand from the United States Court of Appeals for the First Circuit in view of this Court's "unequivocal statement that '[i]f I were free to choose to [depart] further than that, I would.'" This Honorable Court is now free to look at **all** the factors 18 U.S.C. § 3553(a) in imposing a "reasonable sentence" that is "sufficient, but not greater than necessary to comply with the purposes set forth [ in this provision]." While § 3553(a)(4) requires the Court to consider the Guideline ranges, "it permits the court to tailor the sentence in light of other statutory concerns as well, see § 3553(a)." *Booker,* Breyer, J. 125 S.Ct. at 757.

The United States Court of Appeals for the First Circuit in United States v. Jiminez-Beltre, 440 F.3d. 514 (1st Cir.

---

[1] United States v. Booker 543 U.S. __, 125 S. Ct. 738 (2005) and Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004).

1

2006), *en banc,* reiterated the importance of the imposition of a discretionary "reasonable sentence" and agreed with the approach taken by the district court, Saylor, J., of determining the guideline range including any departures, followed by a determination of whether other factors warrant a sentence outside the guideline range.  The First Circuit expressed, that "guidelines are still <u>generalizations</u> that may appear unreasonable to sentencing judges in particular cases.... *Booker's* remedial solution makes it possible for court's to impose non-guideline sentence that override the guidelines subject only to the ultimate requirement of reasonableness." <u>Id.</u> at 518.

One may ask: "What is a sentence that is "sufficient, but not greater than necessary" as required by § 3553(a)?  Justice Kennedy, in his 2003 speech to the American Bar Association openly commented on the unfair severity of federal sentences and the harmful effects that the rigid application of the Sentencing Guidelines had on individuals and society as well as the Guidelines readily apparent failure:

"Our resources are misspent, our punishments too severe, our sentences too long....In the federal system the sentencing guidelines are responsible in part for the increase in prison terms....The Federal Sentencing Guidelines should be revised downward..."

The instant case clearly demonstrates how the mechanical rules that are instituted by the Sentencing Commission failed to provide an *equitable* system of just punishment because of the gross disparity caused by regional differences in state offenses.

**ISSUES AND ANALYSIS**

**I. The nature and circumstances of the offense and history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).**

Mr. VICTOR DELGADO plead guilty to one count of conspiracy to distribute heroin, 13 counts of possession of heroin with intent to distribute and one count of felon in possession of a firearm. Mr. DELGADO admitted that the conspiracy involved more than 100 grams of heroin and Probation found him responsible for 100-400 grams of heroin. PSR ¶ 53.

Mr. DELGADO is now almost 31 years old. He has been in custody since January 20, 2004, the day of his arrest. Prior to his arrest he had a major history of drug and alcohol abuse, to wit: abusing alcohol at an early age and smoking marihuana and snorting heroin since the age of 20. Mr. DELGADO dropped out of high school in the ninth grade in hopes of becoming a professional boxer, only to have those dreams smashed by falling into a life of drug abuse upon coming to Lawrence, MA where he originally hoped for a better life. See PSR ¶s 93-94, 107-110. His only gainful employment was intermittent painting jobs. PSR ¶ 114.

On the other hand, Mr. DELGADO is an individual that has struggled hard to put his "street life" behind him. He readily acknowledged his guilt without any plea agreement from the government, accepting full responsibility for his actions. He has now been in custody almost three years, warehoused at the BOP, and believed to be without any professional training or drug treatment.

**II. The need for the sentence "to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense," adequate deterrence, and to protect the public. 18 U.S.C. § 3553(a)(2)(A-C).**

Based on the number and size of the heroin sales for which he was convicted, Mr. DELGADO could be characterized as a mid-level street trafficker, nothing more. As set forth in the attached tables from the United States Sentencing Commission's Quarterly Report, August 2006, the average sentence for similar offenders has been approximately 60 months. For such activity, Congress has established a mandatory minimum sentence of five years. 21 U.S.C. § 841(b)(1)(B)(i).

**III Guideline Calculations 18 U.S.C. § 3553(a)(4)**

Mr. Delgado respectfully submits the following *advisory* guideline provisions:

**Base Offense Level, U.S.S.G. § 2D1.1(c)(6)**

U.S.S.G. §2D1.1(3)                                              **26**

**Acceptance of Responsibility U.S.S.G. § 3E1.1(b)               -3**

**Total Offense Level                                            23**

Criminal History Category                                        II

Imprisonment range prior to any departure or other mitigating circumstances.                                           **51-63 months**

Mr. DELGADO objects to Probation's finding of an increase in offense level by "grouping" pursuant to U.S.S.G §3D1.4. The felon in possession charge should be found to be 14 (no prior

4

felony convictions for "crime of violence") which is 9 levels less than the drug offense (26) and thus would not increase the sentence under U.S.S.G § 3D1.4(c).

Even assuming, *arguendo*, the correctness of Probation's non career offender calculations, Mr. DELGADO would be found to be a Level 25, Category II offender with an imprisonment range of **63-78 months**. PSR ¶s 73, 81.

Probation has found Mr. DELGADO to be a career criminal based on two prior Massachusetts misdemeanor's, PSR ¶s 78, 79, 83, which are federal felonies simply by virtue of Massachusetts' unique penalty of two and half years for virtually all misdemeanors no matter how minor. Massachusetts is also unique in that the offense of assault and battery does not require a harmful touching, merely an unwanted touching, despite the statutory language repeated in virtually every complaint.

Mr. DELGADO objects to this finding because there is no factual basis on which to determine that his 1999 Lawrence Massachusetts conviction for assault and battery was a crime of violence. The facts set forth in PSR ¶ 79 are objected to as being in violation of *Shepard.*  In fact, the facts underlying the case could not have been severe because he was simply given probation. Mr. DELGADO was not charged with any kind of aggravated assault, simply *misdemeanor* assault and battery.

**IV. Departure within the Guidelines ..overstatement of criminal history**

U.S.S.G. § 4A1.3 recognizes the "imperfection" of the categorical approach to assessing criminal history, and

5

specifically provides a mechanism for, and *encouraging*, the courts to depart when a "defendant's criminal history [is] significantly less serious than that of most defendants in the same criminal history category..."  See also U.S.S.G.4A1.1, Background note.  As set forth above, although Mr. DELGADO has a criminal history, it only involves Massachusetts misdemeanors, not crimes of serious violence and is not unlike a criminal record of similarly situated drug addicts and alcoholics.  His record as a whole is significantly less serious than most other Category VI offenders.

> [T]o qualify for this departure, unlike departures in Chapter 5, the Court does not have to find that there is something atypical about the record. Specifically, the court does not have to find that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." *18 U.S.C. § 3553*(b). The statutory authority for the **[**17]** promulgation of U.S.S.G. § 4A1.3 lies not in *18 U.S.C. § 3553*(b), the departure authority, but "in the basic provision of the Sentencing Reform Act that gives the Commission the authority ... to take into account, where relevant, the defendant's criminal background," United States v. Shoupe, 988 F.2d 440, 446 (3d Cir. 1993)
>
> ....
>
> Judges have considered the relationship between the specific offenses and drug use, notwithstanding U.S.S.G. § 5H1.4. As Judge Weinstein noted in describing a defendant's record, as a basis for a downward departure, "his prior arrests result from minor drug crimes involving facilitation of the sale of drugs and the kind of petty criminality associated with a poor addict's attempt to acquire money for the purchase of narcotics." United States v. Hammond, 37 F. Supp. 2d 204, 205 (E.D.N.Y. 1999).

United States v. Wilkerson, supra at 380.

Mr. DELGADO's criminal history, and addict background, does not evidence an individual likely to commit further serious

6

crimes or crimes of violence and thus fits squarely with those cases where departures on the basis of overstatement of criminal history have been granted.  It is also a factor in mitigation that is in variance with the Guidelines.

**V. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C.§ 3553(a)(6)**

In all but two other states a similar defendant with a similar record would potentially face a sentence after conviction of the same conduct as alleged herein approximately **9 years** less than that originally imposed by this Honorable Court on Mr. DELGADO, who found him to be a "career offender." (Offense Level 25, Category II versus Offense Level 31).  See attached letter to the Sentencing Commission discussing the regional disparity problem along with the Table Of Punishments for all states outlining the potential sentences.  See also U.S.S.G. § 4A1.1 Background note: "*To minimize problems with imperfect measures of past crime seriousness, criminal history categories are based on the maximum term **imposed** in previous sentences rather than on other measures such as whether the conviction was designated a felony or misdemeanor. In recognition of the imperfection of this measure, however, § 4A1.3 authorizes the court to depart from the otherwise applicable criminal history category in certain circumstances.*

It is, therefore,  respectfully submitted that the regional disparity alone, which could result in a sentence almost 9 years less than that originally imposed should justify a sentence in

7

variance with the Guidelines.  As the First Circuit noted in <u>Jiminez-Beltre,</u> <u>supra</u>, "guidelines are still <u>generalizations</u> that may appear unreasonable" in particular cases.

**VI. The need to provide defendant with needed educational or vocational training, medical care or correctional treatment. 18 U.S.C. § 3553(a)(2)(D).**

Given Mr. DELGADO's history of drug and alcohol abuse, as well as limited education, there is little question that he could benefit of the BOP's comprehensive treatment program.

### CONCLUSION

**WHEREFORE**, defendant VICTOR DELGADO, respectfully requests this Honorable Court to sentence him to 72 months incarceration (the high-end range of similar offenders) and three years of supervised release, with a recommendation to the BOP's 500 hour comprehensive drug treatment program.

Date: October 18, 2006          Respectfully submitted,

/s/ *Victoria M. Bonilla*

Victoria M. Bonilla-Argudo
Bourbeau & Bonilla
77 Central Street, 2d floor
Boston, MA 02109
(617) 722-6868

Attorney for Defendant

**Certificate of Service**
I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.
*S/ Victoria M. Bonilla*