Table 18

30

## AVERAGE SENTENCE LENGTH IN EACH PRIMARY OFFENSE CATEGORY[1]
### 3rd Quarter 2006 Preliminary Cumulative Data (October 1, 2005, through June 30, 2006)

| PRIMARY OFFENSE | Mean Months | Median Months | Number |
|---|---|---|---|
| TOTAL | 52.4 | 30.0 | 51,055 |
| Murder | 261.9 | 240.0 | 61 |
| Manslaughter | 48.1 | 36.5 | 42 |
| Kidnapping/Hostage Taking | 240.4 | 229.5 | 38 |
| Sexual Abuse | 102.3 | 60.0 | 192 |
| Assault | 34.7 | 24.0 | 424 |
| Robbery | 87.8 | 67.0 | 834 |
| Arson | 68.5 | 60.0 | 41 |
| Drugs - Trafficking | 81.1 | 60.0 | 18,003 |
| Drugs - Communication Facility | 42.8 | 48.0 | 297 |
| Drugs - Simple Possession | 7.3 | 0.0 | 467 |
| Firearms | 80.6 | 48.0 | 5,884 |
| Burglary/B&E | 18.3 | 15.0 | 34 |
| Auto Theft | 64.5 | 30.0 | 44 |
| Larceny | 9.3 | 4.0 | 1,168 |
| Fraud | 19.3 | 10.0 | 4,766 |
| Embezzlement | 9.5 | 6.0 | 418 |
| Forgery/Counterfeiting | 15.6 | 8.0 | 836 |
| Bribery | 13.4 | 7.0 | 120 |
| Tax | 14.8 | 10.0 | 423 |
| Money Laundering | 35.8 | 24.0 | 660 |
| Racketeering/Extortion | 90.8 | 60.0 | 423 |
| Gambling/Lottery | 5.6 | 6.0 | 76 |
| Civil Rights | 31.0 | 8.0 | 50 |
| Immigration | 22.3 | 17.0 | 12,480 |
| Pornography/Prostitution | 93.1 | 60.0 | 905 |
| Prison Offenses | 18.2 | 12.0 | 246 |
| Administration of Justice Offenses | 18.6 | 10.0 | 758 |
| Environmental/Wildlife | 4.5 | 0.0 | 115 |
| National Defense | 35.7 | 28.0 | 23 |
| Antitrust | 8.3 | 10.0 | 10 |
| Food & Drug | 8.6 | 0.0 | 37 |
| Other Miscellaneous Offenses | 7.9 | 0.0 | 1,180 |

[1] Of the 51,293 cases, 238 were excluded due to one or both of the following reasons: missing primary offense (70) or missing or indeterminable sentencing information (234). Sentences of probation only are included in this table as zero months of imprisonment. In addition, the information presented in this table includes time of confinement as defined in USSG §5C1.1. Descriptions of variables used in this table are provided in Appendix A.

SOURCE: U.S. Sentencing Commission, Preliminary 2006 Datafile, USSCFY06 (October 1, 2005, through June 30, 2006).

37

Figure I



AVERAGE SENTENCE LENGTH FOR EACH DRUG TYPE[1]
Fiscal Years 2001 - 2006,
3rd Quarter 2006 Preliminary Cumulative Data (October 1, 2005, through June 30, 2006)

[1] Only cases sentenced under USSG §§2D1.1 (Drug Trafficking), 2D1.2 (Protected Locations), 2D1.5 (Continuing Criminal Enterprise), 2D1.6 (Use of Communication Facility), 2D1.8 (Rent/Manage Drug Establishment), or 2D2.1 (Simple Possession) are depicted in this figure. Figure includes only cases with a primary sentencing guideline of USSG §2D1.1. Cases with guideline minimums of life or probation were included in the guideline minimum average computations as 470 months and zero months, respectively. In turn, cases with sentences of 470 months or greater (including life) or probation were included in the sentence average computations as 470 months and zero months respectively. In addition, the information presented in this table includes time of confinement as defined in USSG §5C1.1. Guideline minimums account for applicable statutory mandatory penalties. Descriptions of variables used in this table are provided in Appendix A.

SOURCE: U.S. Sentencing Commission, 2001 - 2005 Datafiles, USSCFY01 - USSCFY05, and Preliminary Data from USSCFY06 (October 1, 2005, through June 30, 2006).

Law office of

# Bourbeau & Bonilla, LLP

77 Central Street, Second Floor
Boston, Massachusetts 02109
Fax: (617) 350-7766

Michael C. Bourbeau
Telephone (617) 350-6565
  *also admitted in California

Victoria M. Bonilla-Argudo
Telephone (617) 350-6868

August 29, 2006

United States Sentencing Commission
One Columbus Circle, N.E.
Suite 2-500, South Lobby
Washington, D.C. 20002-8002

Attention: Public Affairs - Priorities Comment

Dear Sentencing Commissioners:

    We are members of the CJA panel in the District of Massachusetts. We understand that the Sentencing Commission intends to consider improving the operation of the criminal history rules in Chapter Four. We urge the Commission to address the unwarranted disparity in sentences that have been and continue to be imposed pursuant to the "Career Offender" guideline. There are many problems with the career offender guideline; this letter addresses only the gross disparity between similarly situated defendants based on geographic residency. Sentences imposed for an offender in one state may well be ten or even twenty years higher than the sentence imposed on a similarly situated offender with a similar background in an adjacent state.

    In Massachusetts, because of its unique common law tradition of punishing persons convicted of misdemeanors by up to two and a half years in a "house of correction," nearly all misdemeanors are "felonies" under the Guidelines. See U.S.S.G. § 4A1.2(o) ("sentences *punishable* by death or a term of imprisonment exceeding one year, regardless of the sentenced imposed" are considered felonies). If such "felonies" meet the career offender guideline's definition of "crime of violence" or "controlled substance offense," the person's offense level is drastically increased according to a table pegged to the statutory maximum for the offense of conviction, and the criminal history category is automatically VI, the highest on the chart. See U.S.S.G. §§ 4B1.1, 4B1.2.

    In Massachusetts, traditional misdemeanors such as resisting arrest and simple assault and battery are counted under the career

1

offender guideline as "crimes of violence" because the statutes contain elements relating to the use or attempted use of force, although, under Massachusetts common law, neither offense requires any harmful touching or use of force. See Commonwealth v. Moore, 36 Mass. App. Ct. 455, 459 (1994)(assault and battery involves an unwanted touching, "however slight"); Commonwealth v. Katykhin, 59 Mass. App. 261 (2003) (resisting placement into police cruiser after being handcuffed met the criteria for resisting arrest).

Citizens of Massachusetts are found to be career offenders and are subject to the resulting astronomical penalties for that status when others are not. Take the example of a person convicted of distributing 5 grams of crack cocaine with two prior convictions, one for simple assault and battery and one for resisting arrest(both considered "felonies" that are "crimes of violence" for career offender purposes even if the sentenced imposed was probation). In Massachusetts, that defendant would receive a Guideline sentence of Level 34, Category VI, 262-327 months following trial and 188-235 months following a plea with credit for acceptance of responsibility. On the other hand, a similar offender with the same criminal history background in virtually every other state would be considered a Level 26 Criminal History category II with a resulting sentence of 70-87 months after trial and 51-63 months after plea (subject to the relevant mandatory five year minimum). See attached Tables of Punishments for Assault and Battery, Resisting Arrest.

The background note to the regular criminal history guideline, U.S.S.G. § 4A1.1, states that the Commission has attempted to deal with jurisdictional variation of past crime seriousness by "basing criminal history categories on the maximum sentence *imposed* on previous sentences . . . rather than on other measures, such as whether the offense was designated a felony or misdemeanor." The Commission also authorized departures under U.S.S.G. § 4A1.3 "[i]n recognition of the imperfection of this measure." However, career offender status is determined solely by whether the underlying offense is *punishable* by more than one year. See U.S.S.G. § 4B1.2, Application Note 1. Any attempt to minimize problems with imperfect measures in the regular criminal history guideline was abandoned in the career offender guideline. The problem was worsened by the October 2003 revision of U.S.S.G. § 4A1.3 where the Commission limited the extent of a departure for criminal history score overstating the risk of recidivism of a career offender to one level. Such limitation further eliminates any ability to correct jurisdictional variation and correct disparity in sentences other than by the court imposing a sentence that varies from that produced by the career offender guideline. The government objects to and may appeal such sentences, according to its post-*Booker* policy that "in any case in which the sentence imposed is below what the United States believes is the appropriate Sentencing Guideline range..., federal prosecutors must oppose the sentence and ensure that the record is sufficiently developed to place the United States in the best position possible on appeal." Memorandum to all Federal Prosecutors, Deputy Attorney General James B. Comey, dated January 28, 2005.

28 U.S.C. § 991(b)(1)(B) requires the Sentencing Commission to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. As set forth above, it is clear that the career offender guideline, and the common application thereof, create an unwarranted and unjust disparity between similar defendants with similar records.

A possible remedy to the unwarranted disparity is to redefine career offender predicates to require that the sentence *imposed* at the time of original sentencing was greater than one year. (If state law provides for a statutory maximum of more than one year for misdemeanors, probation violations -- which may occur for a variety of minor reasons -- can cause the sentence to exceed one year. Therefore, a one year term of *original* imprisonment would distinguish the predicate offense from the vast majority of states that have a one year cap on misdemeanors).

The term "crime of violence" should also be redefined to include only those offenses where the defendant used actual violence against another, or where the crime, by its nature, involved a substantial risk that force against another would be used and created the likely risk of serious injury to the other. Cf. U.S.S.G. § 4B1.2, Application note 1. Far too many crimes categorized as "violent" under the career offender guideline, such as those listed above, do not involve violence or injury to another.

We ask you to take steps to correct the unwarranted breadth of the career offender guideline and the unjust disparate sentences caused by the imposition of its provisions based solely on where a person resides.

Sincerely,

MICHAEL C. BOURBEAU        VICTORIA BONILLA        JAMES CIPOLETTA

Cc: Honorable Edward M. Kennedy, United States Senate
    Honorable William D. Delahunt, United States House of Representatives

3

## TABLE OF PUNISHMENTS FOR ASSAULT AND BATTERY

| State | Punishment |
|---|---|
| **ALABAMA**<br>ALA. CODE § 13A-6-22, 13A-5-7 | Not more than one year |
| **ALASKA**<br>ALASKA STAT. § 11.41.230, 12.55.135 | Not more than one year |
| **ARIZONA**<br>ARIZ. REV. STAT. §§ 13-1203, 13-707 | Not more than six months |
| **ARKANSAS**<br>ARK. STAT. ANN. §§ 5-13-203, 5-4-401 | Not more than one year |
| **CALIFORNIA**<br>CAL. PEN. CODE. §§ 242, 243 | Not more than six months |
| **COLORADO**<br>COLO. REV. STAT. §§ 18-3-204, 18-3-206, 18-1.3-501 | Not more than six months |
| **CONNECTICUT**<br>CONN. GEN. STAT. §§ 53a-61, 53a-26 | Not more than one year |
| **DELAWARE**<br>DEL. CODE ANN. Tit. 11 §§ 601, 602, 4206 | Not more than one year |
| **FLORIDA**<br>FLA. STAT. §§ 784.011, 784.03, | Not more than one year |
| **GEORGIA**<br>GA. CODE ANN. §§ 16-5-23, 17-10-3 | Not more than one year |
| **HAWAII**<br>HAW. REV. STAT. §§ 707-712, 701-107 | Not more than one year |
| **IDAHO**<br>IDAHO CODE §§ 18-901, 18-903-04 | Not more than six months |
| **ILLINOIS**<br>720 ILCS 5/12-1, 730 ILCS, 5/5-8-3 | Not more than one year |
| **INDIANA**<br>IND. CODE §§ 35-42-2-1, 35-50-3-3. | Not more than six months |

| | |
|---|---|
| **IOWA**<br>IOWA CODE §§ 708.1, 903.1 | Not more than 30 days |
| **KANSAS**<br>KAN. CRIM. CODE ANN. §§ 21-3412, 21-4502 | Not more than six months |
| **KENTUCKY**<br>KY. REV. STAT. ANN. §§ 508.030, 532.090 | Not more than one year |
| **LOUISIANA**<br>LA. CODE CRIM. PROC. ANN. art. 14:§ 35 | Not more than six months |
| **MAINE**<br>ME. REV. STAT. ANN. Tit. 17A §§ 207, 1252 | Not more than one year |
| **MARYLAND**<br>MD. CRIM. LAW. § 3-203 | Not more than ten years |
| **MASSACHUSETTS**<br>M.G.L. Ch. 265 § 13A | Not more than 2½ years |
| **MICHIGAN**<br>MICH. COMP. LAWS § 750.81 | Not more than 93 days |
| **MINNESOTA**<br>MINN. STAT. § 609.224 | Not more than one year |
| **MISSOURI**<br>MO. REV. STAT. §§ 565.070, 558.011 | Not more than 15 days |
| **MISSISIPPI**<br>MISS. CODE. ANN. § 97-3-7 | Not more than six months |
| **MONTANA**<br>MONT. CODE. ANN. § 45-5-201 | Not more than six months |

| | |
|---|---|
| **NEBRASKA**<br>NEB. REV. STATS. §§ 28-310, 28-106 | Not more than one year |
| **NEVADA**<br>NEV. REV. STATS. §§ 200.481, 193.150 | Not more than six months |
| **NEW HAMPSHIRE**<br>N.H. REV. STAT. ANN. § 631:2 | Not more than one year |
| **NEW JERSEY**<br>N.J. REV. STAT. ANN. § 2C:12-1 | Not more than six months |
| **NEW MEXICO**<br>N.M. STAT. ANN. §§ 30-3-4, 30-1-6 | Not more than six months |
| **NEW YORK**<br>N.Y. PEN. CODE §§ 120.00, 10.00 | Not more than one year |
| **NORTH CAROLINA**<br>N.C. GEN. STAT. § 14-33, 14-3 | Not more than six months |
| **NORTH DAKOTA**<br>N.D. CENT. CODE §§ 12.1-17-01, 12.1-32-01 | Not more than 30 days |
| **OHIO**<br>OHIO REV. CODE ANN. §§ 2903.13, 2929.24 | Not more than six months |
| **OKLAHOMA**<br>OKLA. STAT. Tit. 21 § 644 | Not more than 90 days |
| **OREGON**<br>OR. REV. STAT. §§ 163.160., 161.615 | Not more than one year |
| **PENNSYLVANIA**<br>18 PENN. CONS. STAT. §§ 2701, 1104 | Not more than two years |

**RHODE ISLAND**                                  Not more than one year
R.I. GEN. LAWS § 11-5-3

**SOUTH CAROLINA**                                Not more than 30 days
State v. Fennell, 340 S.C. 266 fn1 (2000)

**TENNESSEE**                                     Not more than six months
TENN. CODE ANN. §§ 39-13-101, 40-35-111

**TEXAS**                                         Not more than one year
TEXAS PENAL CODE §§ 22.01, 12.21

**UTAH**                                          Not more than six months
UTAH CODE ANN. §§ 76-5-102, 76-3-204

**VERMONT**                                       Not more than one year
VT. STAT. ANN. Tit. 13 § 1023

**VIRGINIA**                                      Not more than one year
VA. CODE ANN. § 18.2-57

**WASHINGTON**                                    Not more than one year
WASH. REV. CODE § 9A.36.041

**WEST VIRGINIA**                                 Not more than one year
W. Va. CODE § 61-2-9

**WISCONSIN**                                     Not to exceed nine months
WIS. STAT. §§ 940.19, 939.51

**WYOMING**                                       Not more than six months
WYO. STAT. § 6-2-501