111606 delgado SOR (F).txtfrom shelly.txt

1

1          UNITED STATES DISTRICT COURT FOR
             THE DISTRICT OF MASSACHUSETTS
2

3
                                    )
4  UNITED STATES OF AMERICA,         )
                                    )
5          Plaintiff,                )
                                    )   Criminal Action
6                                    )   No. 04-10032-GAO
   vs.                               )
7                                    )
                                    )
8  VICTOR DELGADO,                   )
                                    )
9          Defendant.                )
                                    )
10

11
            TRANSCRIPT OF STATEMENT OF REASONS
12

13
       BEFORE THE HONORABLE GEORGE A. O'TOOLE, JR.
14            UNITED STATES DISTRICT JUDGE

15

16            United States District Court
            John J. Moakley U.S. Courthouse
17                1 Courthouse Way
            Boston, Massachusetts  02210
18               November 16, 2006
                    2:20 p.m.
19

20
                  * * * * * *
21

22         SHELLY M. KILLIAN, RPR, CM, CRR
               Official Court Reporter
23         John J. Moakley U.S. Courthouse
            1 Courthouse Way, Room 3510
24               Boston, MA  02210
                  (617) 737-7117
25

2

1  APPEARANCES:

2  For the Plaintiff:

3  Peter K. Levitt
   United States Attorney's Office
4  John Joseph Moakley Federal Courthouse
   1 Courthouse Way, Suite 9200

```
                    111606 delgado SOR (F).txtfrom shelly.txt
 5  Boston, Massachusetts  02210

 6  For Defendant Victor Delgado:

 7  Victoria M. Bonilla, Esq.
    Bourbeau and Bonilla
 8  77 Central Street, 2nd Floor
    Boston, Massachusetts  02109
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

                                                                3

```
 1             P R O C E E D I N G S
 2             (The following proceedings were held in open
 3  court before the Honorable George A. O'Toole, Jr.,
 4  United States District Judge, United States District
 5  Court, District of Massachusetts, at the John J. Moakley
 6  United States Courthouse, 1 Courthouse Way, Boston,
 7  Massachusetts, on November 16, 2006.
 8             The defendant, Victor Delgado, is present with
 9  counsel.  Assistant U.S. Attorney Peter Levitt is
```

111606 delgado SOR (F).txtfrom shelly.txt

10   present.)
11           THE COURT:  This is one of those problems
12   we're still collectively working through as we
13   transition from mandatory guidelines to advisory
14   guidelines and try to make things that made coherent
15   sense under a mandatory system continue to make sense
16   under an advisory system, and there's some awkwardness
17   in that.
18           With respect to the point at issue, the
19   career -- so-called career offender guideline, a couple
20   of things worth noting about that.  First of all, the
21   caption that is given to the career offender suggests
22   perhaps more than or is more suggestive of -- let me
23   start that again.  It may suggest a different way of
24   conceiving of the problem of appropriately enhancing --
25   appropriately from the point of view of Congress and the

                                                                4

1    sentencing commission -- appropriately enhancing
2    repetitive criminal behavior.
3            18 U.S. Code Section 994(h) and the
4    guidelines -- well, first of all, let me just stay with
5    the statute.  The statute directs the commission to
6    assure that a person who has -- who is over 18, is
7    convicted of a violent crime or a drug offense, and has
8    two prior convictions of crime of violence or drug
9    offense is sentenced at or near the maximum.  994 itself
10   says nothing about career offender.  The commission
11   incorporated that, followed that direction from Congress
12   and incorporated a provision in the original guidelines
13   and continued through following very closely what
14   Congress had directed, that if there were two prior

111606 delgado SOR (F).txtfrom shelly.txt
15   predicate convictions, then there should be a
16   significantly enhanced penalty. Although where there's
17   sort of a duplication of enhancements by staircasing in
18   the drug statutes here, in fact as a practical matter,
19   they don't get near the maximum.
20         In other words, as it would operate here, the
21   maximum would be 40 years, which would call for a
22   guideline range far above what the career offender
23   guideline range would be. Instead this one uses I think
24   something closer to the 20 years as the ceiling. So
25   there's not a literal translation. But still, the

                                                    5

1    predication for the enhancement is exactly what Congress
2    directed in Section 994, and that is two prior
3    convictions.
4          The guideline -- the commission added the
5    caption that this is somebody called a career offender,
6    but the mechanism of deciding whether to apply the
7    enhancement is not because someone fits a profile of
8    what the commission or anybody else could outline as a
9    career in crime, but merely that the two predicate
10   events have occurred. In other words, consistent with
11   much of the guidelines, it's a rather mechanical and
12   indisputable method of calculation; that is, if you're
13   within the system.
14         I say that because I think sometimes we can be
15   tempted to give other content to the word "career" and
16   the notion that career suggests. And I may say that I
17   think I may partly have committed that error, if I can
18   call it that, in the last sentencing when I said what I
19   said. And I've thought further about it since that

111606 delgado SOR (F).txtfrom shelly.txt

20  time.
21          Nonetheless, for this career offender
22  guideline, as mechanical as it is, the commission itself
23  concluded that it would be appropriate to allow some
24  adjustment where it seemed that it overstated the
25  criminal history.  So I'm not sure those -- that relief

6

1   is entirely consistent with the theory which led to the
2   adoption of the guideline in the first place; but it's
3   clear that the commission intended some mitigation of
4   the enhancement that would occur when there were --
5   literally satisfied the prior conditions.  By amendment,
6   which the commission was directed to adopt by the
7   Congress in 2003, the degree to which that adjustment
8   could be made was limited, and we faced that at the last
9   hearing.  That limitation is no longer fully effective
10  because the guidelines aren't mandatory.  It affects, I
11  suppose, the literal advice of the guidelines; but it
12  does not preclude an adjustment beyond the one criminal
13  history category that the limitation strictly applied.
14          The difficulty I have with the defendant's
15  argument is that it would effectively require me to
16  disregard entirely the enhancement purpose that is
17  pretty evident from both Congress and the commission.
18  And I have difficulty doing that.  I mean, I simply
19  cannot pay no attention, even if I think that the
20  mechanical application provided for is too high.  I
21  have -- I can't be so free of the advice that I just
22  treat it as if there had never been an enhancement in
23  the first place.  In other words, to go back to -- the
24  guidelines are advisory, but they're not nugatory I

```
                    111606 delgado SOR (F).txtfrom shelly.txt
25   guess is the way to put it.  And I think to adopt the
```

                                                                7

```
 1   defense argument here would be to apply the guidelines
 2   as if there were no career offender enhancement.  And
 3   there is on the terms of the guidelines.
 4            So then it is simply an assessment under the
 5   factors of 3553(a).  I think taking that the advice of
 6   the guidelines now is one category deviation from the
 7   prescribed level, which is what we did last time, 168 to
 8   210, that's the advice.  Taking that as the advice,
 9   considering it in light of all the other factors of
10   3553(a), what is a sentence that is sufficient but not
11   greater than necessary to accomplish those factors.
12            I take very seriously the principle of
13   parsimony in the preamble.  The criminal history -- I'm
14   sorry, the criminal behavior in the offenses of
15   conviction, I agree with the government, is very serious
16   and persistent behavior; and I am able to make that
17   conclusion without any regard to the exhibit that was
18   offered today, but simply on the basis of the statement
19   of offense conduct in the original PSR.  That indicates
20   regular dealing in heroin and, I think it's fairly
21   clear, armed dealing.  The concurrence of the kinds of
22   crimes, violence and drug trafficking that are the
23   crimes that are evidently of the most concern in the
24   career enhancement theory.  So as to the first factor of
25   the statute, the seriousness of the offense, I think the
```

                                                                8

```
 1   offenses are very serious.
 2            The history and characteristics of the
 3   defendant are relevant.  The criminal history is
```
                              Page 6

111606 delgado SOR (F).txtfrom shelly.txt

4  obviously one of the factors.  I think it has to be
5  understood in its full context and neither -- this is
6  one of the things that led me to take the position I did
7  last time -- neither of these is directly connected with
8  those drug trafficking or firearms offenses.  These are
9  more -- so far as it appears, they're more run of the
10 mill crimes of violence within the statute but are not
11 related directly.  So I think that's one of the reasons
12 I think that there should be some mitigation.
13         Other factors in the statute include the need
14 for both specific and general deterrence, and I think
15 both of those factors weigh heavily in a sentence in
16 this case, along with the related concept of promoting
17 respect for the law and assuring a just punishment for
18 the offenses.
19         So while I think -- I continue to believe that
20 even at 168 months the sentence overstates the criminal
21 history, I'm not prepared to go very much farther than
22 that.  And I think that an appropriate -- to speak in
23 terms of the table, would be to depart from -- if I
24 wanted to go back to the beginning of the departure,
25 that is category VI, which would be the criminal

                                                                9

1  history, a career offender, and redo it.  And instead of
2  going down one, I would go down three to category III.
3  That is basically -- well, from VI to III.  And I think
4  a sentence at the low end of that range, 135 months is
5  an appropriate sentence for this crime -- for these
6  crimes for this defendant.
7          Now, so I will impose that sentence and
8  otherwise, I think, reimpose the conditions of the

111606 delgado SOR (F).txtfrom shelly.txt

9  previous judgment.  I don't know whether it's necessary
10 for me to announce all of those, or I can incorporate
11 them by reference?
12           PROBATION OFFICER:  Your Honor, incorporate
13 them by reference.
14           THE COURT:  Are there any new ones that have
15 to be considered since the sentencing?
16           PROBATION OFFICER:  Not that I'm aware of.
17           THE COURT:  One that occurs to me is the DNA.
18           MR. LEVITT:  For the record, your Honor, I
19 object to the deviation and to the extent of the
20 deviation.
21           THE COURT:  Okay.
22           Mr. Delgado, if you'd stand, please.  Victor
23 Delgado, on your conviction of these offenses and
24 pursuant to the Sentencing Reform Act of 1984, it is the
25 judgment of the Court that you be and you hereby are

                                                          10

1  committed to the custody of the Bureau of Prisons to be
2  imprisoned for a term of 135 months.  This consists of
3  terms of 135 months on Counts One, Two, Three, Seven and
4  Nine through Fifteen and a term of 120 months on Count
5  Eight, which is the firearm count, all to be served
6  concurrently.
7            Upon your release from imprisonment, you shall
8  be placed on supervised release for a term of four
9  years.  This consists of terms of four years on Counts
10 One through Seven and Nine through Fifteen and a term of
11 three years on Count Eight, all to be served
12 concurrently.
13           Upon your release, you shall report within 72

111606 delgado SOR (F).txtfrom shelly.txt

14  hours to the district to which you have been released.
15              I think I'll reimpose the conditions just to
16  be on the safe side and to remind the defendant of the
17  conditions.
18              While you're on supervised release, you shall
19  not commit any other federal, state, or local crime.
20  You shall refrain from the unlawful use of any
21  controlled substance, and you shall submit to a drug
22  test within 15 days from your release from imprisonment
23  and at least two periodic drug tests thereafter, not to
24  exceed a total of 104 tests in any given year, all as
25  may be directed by your probation officer.

                                                            11

1               During your supervised release, you shall
2   comply with all the standard conditions that pertain to
3   that status.  Those conditions are set forth in the
4   United States Sentencing Guidelines at Section 5D1.3(c)
5   and they are incorporated by reference and will be set
6   forth in the judgment.
7               You are also prohibited from possessing a
8   firearm, destructive device, or other dangerous weapon.
9   If directed to do so, you are to participate in a
10  program for substance abuse treatment or counseling as
11  directed by the probation office, which may include
12  random testing to determine whether you have reverted to
13  the abuse of illegal drugs.  You may be required -- the
14  tests may not exceed 104 tests in a given year.  You may
15  be required to contribute to the cost of services for
16  such treatment based on your ability to pay or on the
17  availability of third of party reimbursement.
18              You shall at all times use your true name, and

111606 delgado SOR (F).txtfrom shelly.txt

19   you are prohibited from the use of any false names,
20   false dates of birth, false social security numbers,
21   incorrect places of birth or any other pertinent
22   incorrect identifying information.  If you have not
23   already done so, you're to cooperate with the collection
24   of a DNA sample by the probation office.
25            And, as before, I will not impose a monetary

12

1    fine; but there is a mandatory assessment on each of the
2    15 counts of $100 for a total of $1,500.
3             THE CLERK:  Mr. Victor Delgado, you have the
4    right to file a notice of appeal in this case.  If you
5    wish to file an appeal, you must file it within ten days
6    from the date the judgment is entered.  If you cannot
7    afford an attorney to file the appeal on your behalf,
8    you may request the clerk of the Court to file the
9    appeal for you and I will do so.  Do you understand,
10   sir?
11            THE DEFENDANT:  Yes.
12            THE COURT:  All right.  The defendant stands
13   committed.  Let me just ask about the nationality
14   issue.  Is there something that we can communicate to
15   the Bureau to emphasize that he is an American citizen?
16            PROBATION OFFICER:  Your Honor, we can
17   definitely look into it.  But, for the Court, I don't
18   know if, in fact, defense counsel has done anything yet
19   regarding that matter.
20            MS. BONILLA:  No.
21            PROBATION OFFICER:  We'll check into that.
22            THE COURT:  Okay.  All right, thank you.
23            THE CLERK:  All rise.  Court is in recess.

111606 delgado SOR (F).txtfrom shelly.txt
24          (Adjourned, 3:05 p.m.)
25